UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LUIS FERNANDO BERTULUCCI CASTILLO, REG. #95355-004** | : | **CIVIL ACTION NO. 15-cv-100 SECTION P** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **WARDEN FCI OAKDALE** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is the application for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Luis Fernando Bertulucci Castillo (hereinafter "Castillo"). Castillo is in the custody of the Federal Bureau of Prisons and is incarcerated at the Federal Correctional Institution in Oakdale, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE**.

### I.
#### BACKGROUND

Castillo claims that he is being denied adequate medical care. He alleges that medical staff refused to attend to his diagnosed heart condition, and that the dental staff refused his request for proper dental attention and lost his "partials and bridges." Doc. 1, pp. 4-5.

## II.
### LAW AND ANALYSIS

At the outset, this court must determine whether to treat the above claims as plaintiff describes—an application for writ of habeas corpus—or as a civil rights complaint under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). In *Bivens*, the Supreme Court recognized a cause of action against federal agents or employees for a violation of a constitutional right.

An application for writ of habeas corpus is the appropriate means for a prisoner to challenge the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). On the other hand, however, a civil rights suit "is the proper vehicle to attack unconstitutional conditions of confinement and prison procedures. *Cook v. Texas Dep't of Criminal Justice Trans. Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). The proper vehicle is a civil rights suit if "a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release[.]" *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir.1995) (per curiam).

Based upon a review of the pleadings, it is clear that Castillo has asserted a civil rights claim. The allegations implicate the manner of confinement rather than the fact or duration of his confinement. *See Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir.1987). Castillo does not challenge his conviction or assert that he should not be in custody. Thus, he must pursue his claims by filing a *Bivens* action.

The court declines to convert the instant application into a *Bivens* action. *See Glaus v. Anderson*, 408 F.3d 382, 388–89 (7th Cir. 2005) (describing the practical difficulties involved when converting). Because petitioner is proceeding *pro se*, a number of things are worth noting. The court is not making a decision on the ultimate merits of the case. Petitioner may immediately

refile his case as a *Bivens* action. Filing a *Bivens* suit will entail a different set of legal rules and consequences particular to a civil rights suit. *Id.* at 389–90.

Accordingly,

**IT IS RECOMMENDED THAT** this petition for writ of habeas corpus be **DENIED AND DISMISSED WITHOUT PREJUDICE** to Castillo's ability to pursue such claims by filing the appropriate action.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 22nd day of September, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE